## GRAND UNITED ORDER OF ODD FEL-LOWS v. MORRIS. (No. 1500.)

Court of Civil Appeals of Texas. Beaumont.
Sept. 24, 1927.

Insurance ⟨⟩819(1)—Judgment for beneficiary could not be sustained where evidence did not warrant finding that insurance policy was issued to insured as alleged.

In suit on life insurance policy, judgment for plaintiff, who alleged that she was beneficiary under policy issued to her son by defendant, could not be sustained under pleadings, where evidence did not warrant court's finding that defendant issued to plaintiff's son a policy of insurance as alleged.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Suit by Lorena Morris against the Grand United Order of Odd Fellows. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Howth, Adams & Hart, of Beaumont, for appellant.

O'Fiel & Reagan, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellee, Lorena Morris, filed this suit in the county court of Jefferson county at law against appellant to recover $575 with interest thereon, and on a trial before the court without a jury judgment was rendered in her favor against appellant for $575, with interest thereon from January 26, 1926, at the rate of 6 per cent. per annum.

For her cause of action appellee alleged, in substance, that she was the mother of Jesse Addison, deceased, who, before his death, became a member of appellant's order, and that as such member appellant issued to him a policy of insurance providing for an endowment fund of $500 and a burial fund of $75; that appellee was named in the policy as the beneficiary in the event of Jesse Addison's death; that at the time of his death Jesse Addison was still a member in good standing of appellant's order, and that the policy of insurance was then in full force and effect; that notwithstanding due and proper demand had been made upon appellant, it had failed and refused to pay to appellee the amount of money due her as the beneficiary in said policy.

Appellant's answer consisted of a general demurrer, general denial, and it also specially denied that it had ever issued any policy of insurance to Jesse Addison, and that he was not a member of appellant's order at the time of his death. This, in substance, states the pleadings of the parties upon which the judgment in this case rests.

The trial court filed findings of fact and conclusions of law, and among other findings of fact was one to the effect that appellant did issue to Jesse Addison a policy of insurance, as alleged by appellee, in which she was made the beneficiary, and at the time of his death Jesse Addison was a member in good standing of appellant's order, and that the policy of insurance was in full force and effect. This finding of fact is challenged by appellant, appellant contending that the evidence wholly failed to show that any policy of insurance was ever issued by it to Jesse Addison, and, further, that the evidence failed to show that Jesse Addison was a member of appellant's order at the time of his death.

Appellee has filed no brief in this court, and has in no manner challenged any contention made by appellant. Upon examination of the evidence, we are forced to the conclusion that the same was wholly insufficient to warrant the trial court's finding of fact that any policy of insurance was issued by appellant to Jesse Addison, as alleged by appellee.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

No such policy was introduced in evidence, nor was there evidence of any character sufficient to support the allegation that any policy of insurance was ever issued to Jesse Addison by appellant. The judgment in this case cannot be sustained upon any theory or hypothesis other than that appellant issued to Jesse Addison a policy of insurance as alleged. Appellee's pleadings were not so framed as to warrant this judgment upon any other theory.

It may be that we would perhaps be justified in reversing this judgment and rendering one in favor of appellant, but we are not sure that the case has been so fully developed below as to warrant that conclusion. We therefore reverse the trial court's judgment and remand the cause for another trial.